# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Leslie Sapp,  )<br>  Petitioner,  )<br>vs.  )<br>  )<br>Charles Ryan, et al.,  )<br>  Respondents.  )<br>_____ ) | No. CV-05-52-TUC-FRZ-DTF<br><br>**REPORT & RECOMMENDATION** |

Petitioner Steven Leslie Sapp, presently incarcerated at the Arizona State Prison - Gila Unit, in Douglas, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Dkt. 1),[1] Respondents' Answer (Dkt. 10), and Petitioner's Reply (Dkt. 12). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in the Cochise County Superior Court of one count of knowingly selling or offering to sell a dangerous drug and one count of knowingly selling or offering to sell a dangerous drug to a minor on August 21, 1996 (Case No. 97000484B).

---

[1] "Dkt." refers to the docket numbers of documents filed in this Court's file.

(Dkt. 10, Ex. A, Doc. 60.)[2] On June 14, 1999, Petitioner was sentenced to presumptive terms of two five-year concurrent sentences. (*Id.*, Doc. 100 at 3-4.)

The judge ordered that the sentences in that case would run consecutively to the sentences imposed the same day in two other cases. (*Id.* at 4.) For actions occurring on July 6, 1998, Petitioner was sentenced to concurrent terms of nine years and three months for one count of knowing possession of a dangerous drug for sale and one year and nine months for one count of knowing possession of drug paraphernalia; he received probation for one count of knowingly driving on a suspended license (Case No. CR 98000325). Exhibits for Answer, Dkt. 12, Ex. A, Doc. 63, *Sapp v. Blair*, No. CV05-50-FRZ-DTF (D. Ariz. filed Jan. 27, 2005). Petitioner was sentenced to concurrent sentences of two and one-half years for one count of knowingly possessing a dangerous drug for sale and one year for one count of resisting arrest on October 5, 1998 (Case No. 98000452). Exhibits for Answer, Dkt. 11, Ex. A, Doc. 70, *Sapp v. Blair*, No. CV05-51-FRZ-DTF (D. Ariz. filed Jan. 27, 2005).

Petitioner filed an appellate brief before the Arizona Court of Appeals, raising five arguments: the trial court erred in admitting prior bad act testimony, which violated Petitioner's Sixth Amendment right to testify; a juror's lack of English-language proficiency warranted a new trial; jury tampering warrants a new trial; the trial evidence did not support the verdict; and prosecutorial misconduct. (Dkt. 10, Ex. B.) Upon denial (*id.*, Ex. E), Petitioner filed a Petition for Review with the Arizona Supreme Court seeking review as to the five claims raised below. (*Id.*, Ex. F.) The petition was summarily denied on August 23, 2000. (*Id.*, Ex. G.) Petitioner did not petition the United States Supreme Court for certiorari.

On March 21, 2001, Petitioner filed a notice of post-conviction relief (PCR) pursuant to Arizona Rule of Criminal Procedure 32. (Dkt. 10, Ex. H at Index.) On July 3, 2002, Petitioner filed a PCR petition, which was amended on August 30, 2002; it alleged ineffective assistance of counsel (IAC) for failing to object to two instances of prosecutorial

---

[2] "Doc." refers to the document numbers on the Cochise County Superior Court's index from the state court proceeding.

misconduct. (*Id.*, Docs. 39, 45.) On August 26, 2002, Petitioner filed a "Consolidated Supplemental Pro Per Brief for Post-Conviction Relief," listing all three of his case numbers; it was filed only in this PCR proceeding, which had the lowest number (CR97000484B). (*Id.*, Doc. 44.) On February 24, 2003, with a clerical amendment on March 5, 2003, the court dismissed Petitioner's amended PCR petition on the merits without acknowledging his pro so brief. (*Id.*, Docs. 59, 60.)

On April 3, 2003, Petitioner filed a consolidated Petition for Review before the Court of Appeals as to all three cases, CR97000484B, CR98000325, and CR98000452. (Dkt. 10, Ex. I.) On November 9, 2004, the Court of Appeals issued a consolidated decision denying Petitioner relief. (*Id.*, Ex. J.) The court declined to review any of the claims originally raised in the pro se supplemental brief before the PCR court, finding that Petitioner was represented by counsel and did not have court permission to file pro se documents. (*Id.* at 3-4.) The court denied Petitioner's IAC claim on the merits. (*Id.* at 4.) On December 8, 2004, Petitioner's motion for reconsideration in the Court of Appeals was denied. (Dkt. 10, Ex. K.)

On January 27, 2005, Petitioner filed a federal habeas corpus petition. After the petition was briefed, he returned to state court to raise an additional claim. On January 23, 2007, in state court, Petitioner filed a Motion to Dismiss Based on Prosecutorial Misconduct. (Dkt. 26, Ex. M.) The court summarily denied the motion. (*Id.*, Ex. P.) Petitioner filed a petition for review in the Arizona Court of Appeals. (*Id.*, Ex. Q.) On October 25, 2007, the court characterized the motion to dismiss filed before the superior court as a PCR petition, and found it precluded. (*Id.*, Ex. O at 3.)

On February 1, 2008, Petitioner filed a motion to amend in this Court to add a claim of prosecutorial misconduct. (Dkt. 20.) The Court granted the motion, treating the claim set forth in the motion as a supplemental claim. (Dkt. 21.) Respondents submitted a supplemental answer to the new claim and Petitioner filed a reply. (Dkts. 26, 27.)

## **DISCUSSION**

Of the ten claims Petitioner raised in this Court, Respondents contend that Claims 1-7, 8(b), 8(c), and the Supplemental Claim are procedurally defaulted; Respondents concede that

Claim 8(a) was properly exhausted and it will be addressed on the merits. Respondents contend that Claim 9 is not cognizable in a federal habeas proceeding.

**Exhaustion and Procedural Default**

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). If a habeas claim includes new factual allegations not presented to the state court, it may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

Exhaustion requires that a petitioner clearly alert the state court that he is alleging a specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to due process not sufficient to present substance of federal claim); *Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked specificity and explicitness required); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion."). A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or case law, *Lyons*, 232 F.3d at 670, or by citing state cases that plainly analyze the federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc); *cf. Fields v. Washington*, 401 F.3d 1018, 1022 (9th Cir. 2005) (mere citation to a state case that conducts both a state and federal law analysis does not, by itself, satisfy exhaustion).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the

- 4 -

Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition or not presented in a timely manner. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray*, 518 U.S. at 161-62.

If there are claims that were fairly presented in state court but found defaulted on state procedural grounds, such claims also will be found procedurally defaulted in federal court so long as the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review. *Harris v. Reed*, 489 U.S. 255, 262 (1989). A state procedural default is not independent if, for example, it depends upon an antecedent federal constitutional ruling. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002). A state bar is not adequate unless it was firmly established and regularly followed at the time of application by the state court. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally

1 defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly
2 exhaust the claim in state court and prejudice from the alleged constitutional violation, or
3 shows that a fundamental miscarriage of justice would result if the claim were not heard on
4 the merits in federal court. *Coleman*, 501 U.S. at 750.

Claims in Pro Se Consolidated PCR Brief

Petitioner asserts he exhausted numerous claims by raising them in his pro se consolidated brief in his PCR proceeding and in the subsequent petition for review. The PCR court did not address his pro se brief. (Dkt. 10, Ex. H, Doc. 59.) The court of appeals declined to address any of the issues raised in Petitioner's pro se brief because he did not have permission to file it and state law does not require a court to allow pro se documents when a defendant has counsel. (*Id.*, Ex. J at 3-4 (citing *State v. Henry*, 189 Ariz. 542, 550, 944 P.2d 57, 65 (1997) (finding no right to hybrid representation when defendant has counsel).) This bar is adequate and independent of federal law, thus, any claims raised only in Petitioner's pro se brief are procedurally defaulted.

Petitioner disputes this finding, arguing that he did have permission to file a pro se brief. The state court granted permission for a pro se brief only with respect to CR98000325; Petitioner does not point to an order allowing him to file a pro se brief in this case (*see* Dkt. 13, Exs. E-1, E-2, E-3). Petitioner contends permission can be inferred from other actions taken by the State and the PCR court. First, Petitioner contends the State sought an extension of time to respond to his pro se brief. The state did seek an extension to respond to both the petition by counsel and the pro se brief. (*Id.*, Ex. E-4.) Regardless, the State's request cannot grant court permission or validate the pro se brief; further, when the state did file a response it chose not to respond to the pro se filing. (Dkt. 10, Ex. H, Doc. 51.)

Second, Petitioner contends the PCR court permitted his pro se brief because it ordered a response to, and granted extensions to, respond to it. No documents before this Court indicate that the PCR court specifically ordered a response to the pro se brief, or granted an extension specific to only the pro se brief. Rather, as discussed above, the court

granted the State's request for an extension.³ On December 18, the State filed its response. (*Id.*) The PCR court then sua sponte extended the deadline again for the State's "Response" to January 30, 2003; the court's extension was not specific to the pro se brief. This order appears to have been entered in error because, in the final ruling, the court acknowledges the document filed on December 18 as the State's official response to the petition. (Dkt. 10, Ex. H, Doc. 59.) Rather than consider this an error, Petitioner suggests the court was extending the deadline to respond to his pro se brief. The court's final order dispels that interpretation by crediting the December 18 response as the State's response to the PCR proceeding and denying Petitioner's pro se motion for summary judgment, which was based on the State's alleged failure to respond. (*Id.*)

In sum, the record does not support Petitioner's argument that he had permission to file a pro se brief and that the court of appeals ruling to the contrary was in error. Claims raised only in Petitioner's pro se brief are procedurally defaulted.

Claim 1

In Claim 1, Petitioner alleges his Fifth, Sixth and Fourteenth Amendment rights were violated because the court should have dismissed the indictment due to pre-indictment delay and counsel failed to timely raise the issue in the trial court and on appeal. He also alleges that the trial evidence did not prove the crime alleged in the indictment, which amounts to a miscarriage of justice.

First, Petitioner alleged that his counsel was ineffective for failing to timely challenge the indictment only in his pro se brief. (Dkt. 10, Ex. H, Doc. 44.) As discussed above, all of the claims in the pro se brief are procedurally defaulted. Second, Petitioner never raised before the state courts his assertion that his constitutional rights were violated by the trial court's failure to dismiss the indictment and the trial evidence not conforming to the indictment. If Petitioner were to return to state court now to litigate these portions of the

---

³ Neither party provided the Court with a copy of the PCR court's minute entry granting the requested extension.

claim, they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, these parts of the claim are technically exhausted but procedurally defaulted.

Claim 2

In Claim 2, Petitioner alleges the trial court erred in allowing admission of his prior bad acts, which denied him the right to testify, in violation of his Sixth and Fourteenth Amendment rights. Respondents argue Petitioner did not fairly alert the state court he was asserting a federal constitutional claim. The Court disagrees.

Petitioner argued repeatedly throughout his appellate brief that the state court's ruling regarding prior bad acts denied him his right to testify. (Dkt. 10, Ex. B at 6, 10, 13, 15.) At the end of the argument, he stated that his right to testify, which he alleged had been violated, was guaranteed by the Sixth Amendment. (*Id.* at 15.) This was sufficient to alert the state court that he was alleging a constitutional violation of his right to testify under the Sixth Amendment. Respondents rely on a Fifth Circuit case, *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001), which held that a "fleeting reference to the federal constitution" at the end of an evidentiary argument or "vague references to such expansive concepts as due process and fair trial" is not sufficient for fair presentation. Petitioner did not make vague references to due process, rather he clearly stated the claim was about his right to testify.

Respondents argue that, even if the claim was fairly presented, the appellate court denied it on an independent and adequate state law ground. Respondents suggest the court of appeals refused to address the claim because it held a defendant must testify to preserve the issue for appeal. This is not an accurate representation of the court's ruling. Although the court stated that was the general rule (testifying was necessary to preserve the appellate issue), it stated that it would address the claim on the merits because at the time of Petitioner's trial it was unclear whether a defendant was required to testify to preserve the issue. (Dkt. 10, Ex. E at 5-6.)

Petitioner fairly presented Claim 2 to the court of appeals and it will be addressed on

the merits.

### Claims 3, 4, 5, and 6

In Claim 3, Petitioner alleges his Sixth and Fourteenth Amendment rights were violated by having a juror that could not understand English. Petitioner raised a factually similar claim on direct appeal, however, he did not allege a constitutional violation. (Dkt. 10, Ex. B at 16-18.) Petitioner's passing reference to due process, with citation to a state case on an unrelated issue, did not fairly present a federal claim. *See Gray*, 518 U.S. at 163. In Claim 4, Petitioner alleges prosecutorial misconduct for witness coaching and presentation of perjured testimony in violation of the Sixth and Fourteenth Amendments. Petitioner raised a factually similar claim on direct appeal and in his pro se brief, however, he did not allege a constitutional violation. (Dkt. 10, Ex. B at 19-21; Dkt. 10, Ex. H, Doc. 44.)

In Claim 5, Petitioner alleges the verdict was contrary to the trial evidence in violation of his Sixth and Fourteenth Amendment rights. In Claim 6, Petitioner alleges the prosecutor committed misconduct during closing arguments by advancing a theory not supported by the evidence, in violation of his Sixth and Fourteenth Amendment rights. Petitioner raised factually similar claims on direct appeal, however, he did not allege a constitutional violation.[4] (Dkt. 10, Ex. B at 21-27, 27-33.)

If Petitioner were to return to state court now to litigate these Sixth and Fourteenth Amendment allegations, they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, Claims 3, 4, 5, and 6 are technically exhausted but procedurally defaulted.

---

[4] Petitioner alleges he also raised Claims 5 and 6 in his pro se brief. The Court did not identify the allegations of Claim 5 in that brief; to the extent raised in that document, it is procedurally defaulted. Although Petitioner raised other allegations of prosecutorial misconduct in his pro se brief, he did not allege the factual basis of Claim 6 (misconduct during closing arguments); to the extent Claim 6 was raised in that document, it is procedurally defaulted.

Claim 7

In Claim 7, Petitioner alleges the trial court violated his Sixth and Fourteenth Amendment rights by admitting prior bad act evidence, and that decision was not impartial and was based on improper factors such as defense counsel's behavior. This claim overlaps substantially with Claim 2; to the extent of the overlap, it is addressed within Claim 2. The unique portion of the claim alleges improper conduct by the trial court and counsel; those allegations were not raised on direct appeal. These issues were arguably raised in Petitioner's pro se brief and are procedurally defaulted.

Claim 8

In Claim 8, Petitioner alleges trial counsel was ineffective for failing to object to, and preserve for appeal, issues of prosecutorial misconduct during closing argument: (a) prosecutor made arguments not based on any trial evidence, (b) prosecutor invited jurors to use their observations of Petitioner during trial as part of the decision-making process, and (c) prosecutor commented on defense counsel's use of the courtroom to demonstrate what occurred during the crime.

Claim 8(a) was raised in the amended PCR petition (Dkt. 10, Ex. H, Doc. 45 at 7-8) and addressed on the merits (*id.*, Docs. 59, 60; *id.*, Ex. J at 4). The Court will address that portion of the claim on the merits.[5] Petitioner raised subparts (b) and (c) of Claim 8 only in his pro se brief; therefore, they are procedurally defaulted.

Supplemental Claim

In the Supplemental Claim, Petitioner alleges prosecutorial misconduct based on the

---

[5] In the reply brief, Petitioner also alleges as to subpart (a) that counsel was ineffective for failing to object to the prosecution knowingly eliciting false testimony on redirect of witness Jones. (Dkt. 12 at 36.) First, issues cannot be raised for the first time in a reply brief. Rule 2, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the petition must state all grounds for relief). Second, this claim was raised in the PCR petition but was not raised in Petitioner's petition for review from denial of his PCR proceeding. (Dkt. 10, Ex. I at 18-19.) Because Petitioner did not fairly present this claim to the appellate court and would be precluded from raising it in state court now, it is procedurally defaulted.

presentation of perjured testimony to the grand jury. Petitioner raised this claim in state court in a Motion to Dismiss Based on Prosecutorial Misconduct during the pendency of this federal habeas proceeding. (Dkt. 26, Ex. M.) The court summarily denied the motion. (*Id.*, Ex. P.) On petition for review in the Arizona Court of Appeals (*id.*, Ex. Q), the court characterized the motion to dismiss filed before the superior court as a PCR petition (*id.*, Ex. O at 2 n.1). The court of appeals found that Petitioner had not met the exception to preclusion for newly discovered evidence, because Petitioner provided no argument regarding why he could not have discovered the information earlier. (*Id.* at 2-3.) The court found that Petitioner was precluded from raising the claim because it was waived for failure to raise it on appeal or in a prior PCR proceeding.[6] (*Id.* at 3-4.) The supplemental claim is procedurally defaulted.

Cause and Prejudice

The Court found Claims 1, 3-7, 8(b), 8(c), and the Supplemental Claim procedurally defaulted. Petitioner argues there is cause for his failure to exhaust his claims in state court, which is that the PCR court's handling of his pro se brief prevented him from raising all of his claims in state court. First, many of Petitioner's claims were presented on direct appeal but not federalized; thus, the failure came on direct appeal not during the PCR proceeding. Petitioner has not alleged cause based on ineffective assistance of his appellate counsel.[7] Second, Petitioner has not demonstrated that the state courts prevented him from exhausting his claims during the PCR proceeding. As discussed above, Petitioner was represented by

---

[6] The court of appeals also cited the rule that precludes claims previously raised, Arizona Rule of Criminal Procedure 32.2(a)(2). (Dkt. 26, Ex. O at 3.) The court noted that Petitioner previously had raised <u>other</u> claims of prosecutorial misconduct, but did not find that this claim had been raised; thus, the (a)(2) portion of the ruling appears superfluous.

[7] If asserted, IAC on appeal could not operate as cause to excuse the defaults because it was not exhausted as an independent claim; therefore, such a claim is technically exhausted but procedurally defaulted. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986); *Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1; *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (IAC as cause can itself be procedurally defaulted).

- 11 -

counsel, and he did not request self-representation nor permission to file a pro se brief. Further, he did not seek reconsideration of the PCR court's dismissal of the case without consideration of the pro se brief. The state court did not prevent Petitioner from taking any of these actions, but he did not do so. Petitioner has failed to demonstrate cause for his failure to exhaust all of his claims. Because Petitioner has not established cause to overcome the default, the Court need not analyze prejudice. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

<u>Fundamental Miscarriage of Justice</u>

Petitioner claims throughout his briefs that he is innocent and that his conviction is a miscarriage of justice. To demonstrate a fundamental miscarriage of justice based on factual innocence of the crime, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish the requisite probability, the petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. The Supreme Court has characterized the exacting nature of an actual innocence claim as follows:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Id.* at 324; *see also House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner's claim of miscarriage of justice is premised on the trial evidence not being sufficient to prove all elements of the crime (*see, e.g*, Dkt. 1 at 13-A; Dkt. 12 at 5, 22, 29) and the procedural handling of Petitioner's case during PCR proceedings (Dkt. 12 at 8, 16, 21). Additionally, he argues that the prosecution presented perjured testimony to the grand jury and the petit jury. (*Id.* at 17, 30-31.) To demonstrate a fundamental miscarriage of justice sufficient to overcome the procedural default of claims, Petitioner has to demonstrate his innocence with "new reliable evidence." He fails to cite any new evidence on which he

- 12 -

relies. To the contrary, the bulk of his argument is premised on the insufficiency of the trial evidence. Additionally, Petitioner's argument premised on injustice in the processing of his PCR proceeding does not suggest innocence of the crime. Petitioner has failed to identify any new reliable evidence. Therefore, he cannot establish a fundamental miscarriage of justice to overcome the defaults.

**Merits**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reducing delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs

the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams*, 529 U.S. at 406; *see Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004).

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan*, 550 U.S. at 473; *Visciotti*, 537 U.S. at 25.

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state court decision was based upon an unreasonable determination of the facts. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (*Miller-El II*). A state court decision "based on a factual

determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322, 340 (2003) (*Miller-El I*); *see Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan*, 550 U.S. at 473-74; *Miller-El II*, 545 U.S. at 240.

Claim 2

Petitioner alleges the trial court erred in ruling that he could be impeached with a prior bad act if he chose to testify. Specifically, Petitioner alleges the court committed error under state law by not holding a hearing or making a finding by clear and convincing evidence that the prior bad act had occurred. These rulings, Petitioner contends, prevented him from exercising his Sixth Amendment right to testify.

As a general matter, a federal court will not review a state court's ruling based on state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Johnson v. Sublett*, 63 F.3d 926, 931 (9th Cir. 1995); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) (finding that a court sitting in federal habeas does not review questions of state evidentiary law). However, federal review is available for an allegation that the admission of prior bad acts was fundamentally unfair in violation of a petitioner's due process rights. *Terrovona v. Kincheloe*, 852 F.2d 424, 428 (9th Cir. 1988). In this case the prior bad act evidence was not admitted as Petitioner did not testify, and he is not alleging before this Court, nor did he exhaust, a due process claim. The pending federal claim alleges only a violation of the right to testify under the Sixth Amendment.

Because the Arizona Court of Appeals ruled on the merits of this claim, the preliminary question under the AEDPA is whether there is clearly established law on point from the Supreme Court. *Williams*, 529 U.S. at 365, 390; *Musladin*, 549 U.S. at 74. The Court concludes there is no such law and Petitioner has not identified any such holdings.

- 15 -

The Supreme Court has never held that a defendant's right to testify can be violated by a preliminary ruling regarding the admission of impeachment testimony in the face of a defendant's choice not to testify.

In fact, the Court has suggested otherwise. The Supreme Court holds that a federal defendant is required to testify to preserve for direct review a claim based on improper impeachment. *See Luce v. United States*, 469 U.S. 38, 43 (1984); *see also United States v. Johnson*, 903 F.2d 1219, 1222 (9th Cir. 1990) (applying *Luce* to preclude review of a claim that ruling allowing impeachment evidence violated constitutional right to testify). The Court noted that without the defendant's testimony a court's ability to review any harm is handicapped and speculative because preliminary rulings are subject to change and what the State would seek to introduce is uncertain until the defendant's testimony is known. *Luce*, 469 U.S. at 41-42. Claims of trial error brought during a federal habeas corpus proceeding are subject to a harmless error analysis, in part, because habeas relief is limited and errors that may warrant reversal on direct appeal may not mandate relief during a collateral proceeding. *See Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Thus, the difficulty in reviewing the harm suffered is perhaps more acute in the habeas context than on direct review, and the Ninth Circuit has extended the rule to the habeas context. *Galindo v. Ylst*, 971 F.2d 1427, 1429 (9th Cir. 1992) (declining to review a habeas claim regarding impeachment by a prior felony because defendant did not testify).

In the case of *Ohler v. United States*, 529 U.S. 753, 755 (2000), the trial court granted the government's motion to admit a prior conviction for impeachment and the defendant chose to testify and admit the prior on direct examination. The Court held that she waived her right to challenge the trial court's admission of the evidence by introducing the prior. *Id.* at 759 (citing *Luce*, 469 U.S. at 41). The Court further held that precluding her from challenging the admission did not violate her right to testify; rather, she was not prevented from taking the stand and presenting any admissible testimony, although she was subject to cross-examination and impeachment. *Id.*

The Court's review of the Supreme Court's holdings at the time of Petitioner's direct

1 appeal reveals there was no clearly established law governing Petitioner's claim. The limited
2 law on the issue suggests his claim is not reviewable in this proceeding. In sum, the court
3 of appeals denial of this claim was not contrary to or an unreasonable application of clearly
4 established federal law. Petitioner is not entitled to relief under the AEDPA on Claim 2.

Claim 8(a)

Petitioner alleges IAC for failing to object to the prosecutor's closing argument, which he contends was not based on the evidence presented at trial.

On direct appeal, Petitioner raised the underlying claim, prosecutorial misconduct during closing argument. (Dkt. 10, Ex. B at 28-31.) The court of appeals noted that trial counsel waived all but fundamental error by not objecting to the closing argument at trial. (*Id.*, Ex. E at 9.) The court went on to find that the prosecutor's statement was a reasonable inference based on the evidence presented and there was no error. (*Id.* at 9-10.) During PCR proceedings, Petitioner asserted the instant claim – IAC for failing to object to prosecutorial misconduct during closing argument. (Dkt. 10, Ex. H, Doc. 45 at 7-8.) The PCR court denied the claim, finding that the court of appeals had found no error in the prosecutor's conduct, and Petitioner had not demonstrated IAC. (*Id.*, Docs. 59, 60.) The court of appeals applied *Strickland* and found that Petitioner was not prejudiced by counsel's conduct because the prosecutor's actions did not constitute misconduct. (*Id.*, Ex. J at 4.)

IAC claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. *Id.* at 687-88. The inquiry under *Strickland* is highly deferential, and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, to satisfy *Strickland*'s first prong, deficient performance, a defendant must overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

Because an IAC claim must satisfy both prongs of *Strickland*, the reviewing court

1  "need not determine whether counsel's performance was deficient before examining the
2  prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697 ("if it
3  is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice
4  . . . that course should be followed"). A petitioner must affirmatively prove prejudice. *Id.*
5  at 693. To demonstrate prejudice, he "must show that there is a reasonable probability that,
6  but for counsel's unprofessional errors, the result of the proceeding would have been
7  different. A reasonable probability is a probability sufficient to undermine confidence in the
8  outcome." *Id.* at 694. The calculus involved in assessing prejudice "should proceed on the
9  assumption that the decision-maker is reasonably, conscientiously, and impartially applying
10 the standards that govern the decision." *Id.* at 695.

In light of the state court findings that the prosecutor's actions did not amount to misconduct, Petitioner cannot establish prejudice. Even if counsel had objected, the state courts would not have sustained the objection; therefore, the outcome would not have been different. Similarly, to the extent Petitioner's claim is based on counsel's failure to preserve the issue for appeal, again, he was not harmed. The court of appeals reviewed the claim on the merits for fundamental error (because it had not been preserved for appeal) but found no error at all. Because there was no error, further preservation of the issue would not have changed the outcome of the appeal. The court of appeals ruling was not an objectively unreasonable application of *Strickland*. Petitioner is not entitled to relief under the AEDPA.

Claim 9

In Claim 9, Petitioner alleges his Fourteenth Amendment right to due process was violated by the fundamentally unfair handling of his cases in the state court system because there was insufficient evidence to convict him and no state court sufficiently adjudicated his claims. Petitioner's challenges to state court proceedings do not represent an attack on his detention, i.e., his conviction or sentence and, thus, do not constitute proper grounds for relief. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (errors in state post-conviction proceedings are not cognizable in a federal habeas petition); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). Claim 9 is not cognizable.

# **CONCLUSION**

The Court finds that Claims 1, 3-7, 8(b), 8(c), and the Supplemental Claim are procedurally defaulted, and Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to overcome the defaults. Claim 9 is not cognizable on a federal habeas proceeding. Claims 2 and 8(a) are meritless.

# **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-05-052-TUC-FRZ**.

DATED this 20th day of October, 2009.

_____
D. Thomas Ferraro
United States Magistrate Judge